[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Edward D. Sullivan and Elizabeth W. Sullivan, appeal from a decision of the defendant, Commissioner of Revenue Services, upholding the assessment of conveyance tax on property transferred by Edward D. Sullivan to Hillview Apartments, LLC, a limited liability company, in August, 1996. The Commissioner determined that Edward D. Sullivan owed $9813.27 tax, plus penalty and interest. The issue in this case is whether Edward D. Sullivan's conveyance of real property to a limited liability company owned by him and his wife was subject to a real estate conveyance tax.
The reason that this issue arises is that both the plaintiffs and the Commissioner treat the conveyance to the limited liability company as a conveyance by either a partnership or a joint venture. It was neither, as we shall discuss below.
On August 15, 1969, the plaintiffs acquired the subject property and constructed two adjacent apartment houses on the property known as 340 Palisade Avenue and 360 Palisade Avenue. 340 Palisade Avenue contained 58 apartments and 360 Palisade Avenue contained 59 apartments. The plaintiffs operated the two building apartment complex under the trade name of Hillview Apartments. This was a family affair. The wife, Elizabeth W. Sullivan, was a registered nurse working at a local hospital. She participated in the financing of the complex with her husband and participated in the design of the units. The plaintiffs and their seven daughters painted all of the apartment units. Elizabeth became the rental agent of the apartments during her off-shift time as a nurse. Both husband and wife would meet with tenants and prospective tenants in the CT Page 10896 operation of the apartments. The plaintiffs still manage the apartments today in the same manner. The plaintiffs annually reported the income and expenses from the operation of Hillview Apartments on their federal and state income tax returns.
In 1996, the plaintiffs sought to obtain refinancing to permit them to rehabilitate the apartments, which had been operated as rental units since the time of construction, some 26 years earlier. The plaintiffs obtained a loan in the amount of $1,820,000 secured by a mortgage on the subject property. The mortgage was guaranteed by the Federal Housing and Urban Development Agency.
Hillview Apartments, LLC was organized, by Articles of Organization, as a limited liability company on July 24, 1996. Edward D. Sullivan and Elizabeth W. Sullivan were the sole members of the limited liability company. The stated purpose of the company, as noted in the LLC's filing with the Secretary of State, was "[t]o own, manage, and operate for profit rental units in apartment buildings located at and known as 340 and 360 Palisade Avenue, Bridgeport, Connecticut."
Elizabeth W. Sullivan quit claimed her interest in the subject property to Edward D. Sullivan, on August 8, 1996. On the same day, Edward D. Sullivan conveyed his interest in the subject property to Hillview Apartments, LLC.
The plaintiffs contend that the transfer of the property at 340 and 360 Palisade Avenue to Hillview Apartments, LLC came within Revenue Ruling 91-3 of the Department of Revenue Services, which states that where a general partnership that owned real property converted to a limited partnership, "the limited partnership will be considered to be a continuing partnership within the meaning of 26 U.S.C. § 708. . . ." and Policy Statement 93(5.1), which extended limited partnerships to limited liability companies. It appears to be the plaintiff's contention that even though Elizabeth conveyed her interest in the subject property prior to the transfer of title, somehow she retained an interest in the property as a partner prior to the conveyance to the limited liability company. The facts do not support this contention.
Whether by design or not, as we have previously noted, Elizabeth W. Sullivan conveyed her interest in the subject property to her husband Edward just prior to Edward's conveyance of the property to the limited liability company. Elizabeth's conveyance would have had the effect of dissolving the partnership claimed by the plaintiffs. Fidelity TrustCompany v. BVD Associates, 196 Conn. 270, 273-74, 492 A.2d 180 (1985).
Once the alleged partnership was dissolved, the conveyance solely by CT Page 10897 Edward to the limited liability company took him outside of the parameters of the Commissioner's own policy guidelines as expressed in Policy Statement 93(5.1) and, therefore, a conveyance tax became due on the transfer of title of the subject property to the limited liability company.
Accordingly, judgment may enter in favor of the Commissioner dismissing this appeal without costs to either party.
Arnold W. Aronson Judge Trial Referee